```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------  X
TYRONE LASTER,                  :
                                :
        Movant-Defendant        :
                                :    Nos.  06 Cr. 1064
   -against-                    :          16 Civ. 3285
                                :       OPINION & ORDER
UNITED STATES OF AMERICA,       :
                                X
        Respondent.
------------------------------
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08/02/2016

**JOHN F. KEENAN, United States District Judge:**

Before the Court is Movant-Defendant Tyrone Laster's (Laster) motion to vacate, set aside, or correct his sentence in accordance with 28 U.S.C. § 2255.  This Court grants the motion and orders that Laster be produced for resentencing on August 15, 2016, at 11:00 a.m.

## I.  Background

On October 24, 2007, a Southern District of New York jury found Laster guilty of violating 18 U.S.C. § 922(g)(1) because, as a prior convicted felon, he unlawfully possessed a firearm. See Jury Verdict, United States v. Laster, 06 Cr. 1064 (Oct. 24, 2007).

On May 29, 2008, this Court found that Laster had three prior felony convictions:  (1) a 1982 New York state conviction for attempted second-degree robbery; (2) a 1995 New York state conviction for attempted second-degree assault; and (3) a 1998 New York state conviction for attempted first-degree rape. See

1

Judgment 1-2, Id. (May 29, 2008), ECF No. 79; Sentencing Memorandum 1-2, Id. (May 28, 2008), ECF No. 78.  Accordingly, this Court found Laster subject to the sentence enhancement under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), and sentenced him to 204 months' imprisonment followed by 60 months' supervised release. See Judgment 1-2, Id. (May 29, 2008), ECF No. 79.  The Second Circuit unanimously affirmed Laster's conviction and sentence. See United States v. Laster, 313 F. App'x 369, 371-73 (2d Cir. 2009) (summary order). Laster did not seek certiorari.

On May 3, 2016, Laster moved to vacate his sentence pursuant to 28 U.S.C. § 2255.  This Court set a briefing schedule requiring the U.S. Attorney for the Southern District of New York to file an answer or other pleadings in response to the motion no later than July 25, 2016.

In the meantime, on July 21, 2016, the Second Circuit decided United States v. Jones, --- F.3d ----, No. 15-1518-cr, 2016 WL 3923838 (2d Cir. July 21, 2016), which overruled its decision in United States v. Spencer, 955 F.2d 814 (2d Cir. 1992), in light of the U.S. Supreme Court's decision in Johnson v. United States, 559 U.S. 133 (2010) [hereinafter Curtis Johnson].

The Government responded on July 25, 2016, that in light of Jones, Laster's conviction for attempted second-degree robbery

would no longer qualify as a predicate conviction under the ACCA.  The Government waived its procedural defenses to Laster's motion and consented to resentencing of Laster under § 922(g) without the enhanced sentencing provided by § 924(e).

## II.  Applicable Law

Under 18 U.S.C. §§ 922(g), 924(a)(2), a convicted felon who possesses a firearm may be punished by up to 10 years' imprisonment.  If the violator has three or more earlier convictions for a "violent felony," however, the ACCA mandates a minimum prison term of 15 years. See 18 U.S.C. § 924(e)(1).  The ACCA defines "violent felony" as follows:

> (B)  the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i)  has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)  is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another;

Id. § 924(e)(2)(B).

Jones, Curtis Johnson, and Spencer each deal with the interpretation of the term "physical force" in subparagraph (i).

In Spencer, the Second Circuit held that a third-degree robbery conviction in New York—defined generally as "forcibly steal[ing] property"—is a "crime of violence" under section

3

4B1.2 of the U.S. Sentencing Guidelines (the Career Offender Guideline), because "crime of violence" is defined to include any federal or state offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." See Spencer, 955 F.2d at 820 (alteration in original).

In Curtis Johnson, the Supreme Court interpreted the term "violent felony" in the Armed Career Criminals Act—which shares a definition identical to "crime of violence" under the Guidelines—to require "violent force—that is, force capable of causing physical pain or injury to another person." See Curtis Johnson, 559 U.S. at 140.

As a result, in Jones, the Second Circuit overruled Spencer and held that "in the wake of [Curtis ]Johnson . . . a New York robbery conviction involving forcible stealing, absent other aggravating factors, is no longer necessarily a conviction for a 'crime of violence' within the meaning of the Career Offender Guideline." Jones, 2016 WL 3923838, at *5.

Additionally, in Johnson v. United States, --- U.S. ----, 135 S.Ct. 2551 (2015) [hereinafter Samuel Johnson], the Supreme Court held the ACCA's so-called "residual clause"—the second clause of subparagraph (ii), which defines a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another" as a "violent felony"—was

4

unconstitutionally vague. See Samuel Johnson, 135 S.Ct. 2557-58. In Welch v. United States, --- U.S. ----, 136 S. Ct. 1257, 1268 (2016), the Court held Samuel Johnson to be retroactive in cases on collateral review.

### III.  Discussion

Jones and Samuel Johnson control here.  That Jones considered the term "crime of violence" under the U.S. Sentencing Guidelines is of no moment:  "[b]ecause of 'the substantial similarity between the ACCA's definition of "violent felony" and the [Career Offender] Guidelines' definition of "crime of violence," authority interpreting one phrase frequently is found to be persuasive in interpreting the other phrase.'" Jones, 2016 WL 3923838, at *3 (second alteration in original) (quoting United States v. Walker, 595 f.3d 441, 443 n.1 (2d Cir. 2010)).

One of Laster's three predicate ACCA prior convictions was attempted second-degree robbery. See Judgment 1-2, Id. (May 29, 2008), ECF No. 79; Sentencing Memorandum 1-2, Id. (May 28, 2008), ECF No. 78.  By definition, Laster's attempted robbery conviction is not "burglary, arson, or extortion" nor does it "involve the use of explosives."  Moreover, Laster's robbery conviction is not a "violent felony" under the ACCA's residual clause in light of Samuel Johnson.  Thus, Laster's attempted second-degree robbery is a "violent felony," if at all, only if

it "has as an element the use, attempted use, or threatened use of physical force against the person of another."  In Jones, the Second Circuit concluded that "a New York robbery conviction involving forcible stealing, absent other aggravating factors, is no longer necessarily a conviction for a 'crime of violence' within the meaning of the Career Offender Guideline." Jones, 2016 WL 3923838, at *5.  Because the language of the Career Offender Guideline is identical to the ACCA, Jones instructs that a New York robbery conviction, absent other aggravating factors, is no longer necessarily a conviction for a "violent felony" under the ACCA.  To determine whether Laster's New York robbery conviction is a "violent felony" in this case, the Court must apply the "modified categorical approach" identified in Taylor v. United States, 495 U.S. 575, 602 (1990), and affirmed in Shepard v. United States, 544 U.S. 13, 26 (2005).

Taylor and its progeny divide criminal statutes into two categories:  indivisible statutes and divisible ones.  An indivisible statute is one that sets out a single set of elements to define a single crime. See Mathis v. United States, --- U.S. ----, 136 S. Ct. 2243, 2248 (2016).  To determine whether an indivisible statute qualifies as an ACCA violent felony, the Court applies a formal categorical approach, which "lines up that crime's elements alongside those of the generic offense and sees if they match." Id.  If the statute's elements

6

are the same as, or narrower than, those of the generic offense, it counts as a predicate violent felony under the ACCA. Id.  If the elements are broader than the generic offense elements, the crime is not an ACCA violent felony.

A divisible statue is one that defines multiple crimes by setting forth various elements in the alternative. Id. at 2249. A divisible statute may define some crimes that are predicate violent felonies and others that are not. Id.  To determine whether a defendant convicted under a divisible statute was convicted of a predicate violent felony under the ACCA, the Court applies a modified categorical approach. Id.  "Under that approach, a sentencing court looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." Id.  The Court then compares that crime with the generic offense to determine if it is a predicate violent offense under the ACCA.

New York's second-degree robbery statute is divisible.  The Government concedes that Laster was convicted under N.Y. Penal Law § 160.10(1), the so-called "aggravating accomplice factor," which increases the crime from third-degree to second-degree robbery when the defendant "forcibly steals property . . . aided by another person actually present." N.Y. PENAL LAW § 160.10(1); see People v. Hedgeman, 70 N.Y.2d 533, 541 (1987).  In Jones,

7

the Second Circuit recognized that forcibly stealing property is not, in and of itself, a "violent felony." See Jones, 2016 WL 3923838, at *5.  Therefore, Laster's attempted second-degree robbery is an ACCA violent felony only if the less-than-violent force required for forcible stealing inevitably becomes violent force under Curtis Johnson when the perpetrator is "aided by another person actually present." See id.  It does not.

In Hedgeman, the New York Court of Appeals held that the minimum showing for a conviction under section 160.10(1) is that the other person actually present "was ready, willing, or able to aid defendant in the forcible stealing." Hedgeman, 70 N.Y.2d at 543.  Thus, if a perpetrator can forcibly steal without the violent force required by Curtis Johnson, he can be joined by another person actually present who is ready, willing or able to aid him in forcibly stealing without violent force under section 160.10(1).  While the mere presence of another person actually present may increase the risk of injury and warrant a harsher penalty, see Hedgeman, 70 N.Y.2d at 541, it does not change the inquiry relevant to the ACCA's definition of a violent felony under Curtis Johnson, which requires the Court to examine not the risk of injury but the nature of the force employed, see Jones, 2016 WL 3923838, at *6.  Simply put, a less-than-violent forcible stealing can be perpetrated by a defendant who is joined by another person actually present.  Accordingly,

8

Laster's conviction for attempted second-degree robbery under section 160.10(1) is no longer a violent felony in light of Jones.

## Conclusion

In light of Jones, Laster's attempted second-degree robbery conviction under N.Y. Penal Law § 160.10(1) no longer qualifies as a violent felony under the ACCA. Laster's motion to correct his sentence under 28 U.S.C. § 2255 is granted. The Court orders that Laster be produced for resentencing on August 15, 2016, at 11:00 a.m.

Dated:   New York, New York
         August 2, 2016

                                    _____
                                           John F. Keenan
                                    United States District Judge